

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

Charlton A. Rugg
Assistant United States Attorney

970 Broad Street, Suite 700

Newark, NJ 07102

973.645.2879

CAR/PL AGR
2007R00006

June 23, 2010

John R. Wing, Esq.
Lankler Siffert & Wohl, LLP
500 Fifth Ave, 33rd Fl
New York, NY 10010

2:11 cr 579-1 (DMC)

Re: <u>Plea Agreement with 806 Trading Corporation</u>

Dear Mr. Wing:

This letter sets forth the plea agreement between your client, 806 Trading Corporation ("806 Trading"), and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent on Abraham Kang entering a guilty plea as contained in the separate plea agreement with him dated June 23, 2010.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from 806 Trading to a one-count information, which charges 806 Trading with a violation of 18 U.S.C. § 2320(a)(1). If 806 Trading enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against 806 Trading for international trafficking in or importation of counterfeit goods between in or about March 2006 and in or about January 2007. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by 806 Trading may be commenced against it, notwithstanding the expiration of the limitations period after 806 Trading signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2320(a)(1) to which 806 Trading agrees to plead guilty carries a statutory maximum fine equal to the greatest of: (1) $5,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon 806 Trading is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence 806 Trading ultimately will receive.

Further, in addition to imposing any other penalty on 806 Trading, the sentencing judge:

(1) will order 806 Trading to pay an assessment of $400 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order 806 Trading to pay restitution pursuant to 18 U.S.C. § 2323(c) and 18 U.S.C. §§ 3663 et seq.;

(3) may order 806 Trading, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offense; and

(4) may impose a term of probation of at least one year, but not more than five years under 18 U.S.C. § 3561(c)(1).

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on 806 Trading by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of 806 Trading's activities and relevant conduct with respect to this case.

### Stipulations

This Office and 806 Trading agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or 806 Trading from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and 806 Trading waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture and Abandonment

806 Trading consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title and interest in the infringing merchandise and accessories seized during the execution of a search warrant on January 17, 2007.

806 Trading waives all challenges of any kind to the forfeiture and abandonment of the infringing merchandise and

accessories by federal, state, and/or local law enforcement. 806 Trading further waives any additional notice requirement in connection with the forfeiture and abandonment and consents to the destruction of the forfeited and abandoned infringing merchandise and accessories at the discretion of federal, state, and/or local law enforcement.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against 806 Trading. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against 806 Trading.

No Other Promises

This agreement constitutes the plea agreement between 806 Trading and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Charlton A. Rugg
Assistant U.S. Attorney

APPROVED:

Judith Germano
Unit Chief, Criminal Division

- 4 -

I have received this letter from 806 Trading's attorney, John R. Wing, Esq., I have read it, and I understand it fully. I, on behalf of and with the express authorization of 806 Trading Corporation, hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

CONSENTED TO AND ACCEPTED BY
AUTHORIZATION OF THE BOARD OF
DIRECTORS OF 806 TRADING CORPORATION

_____  Date: 4/15/11
Corporate Officer or Representative
of 806 Trading Corporation


_____  Date: 4/21/11
John R. Wing, Esq.

<u>Plea Agreement with 806 Trading Corporation</u>

Schedule A

1. This Office and 806 Trading Corporation ("806 Trading") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and 806 Trading nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence 806 Trading within the Guidelines range that results from the total Guidelines offense level set forth below, except as provided in Paragraph 12 below. This Office and 806 Trading further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level, except as provided in Paragraph 12 below.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is U.S.S.G. § 8A1.2. The parties agree that the Court should determine what, if any, sentence requirements should be imposed under U.S.S.G. § 8A1.2(a), including restitution, remedial orders, community service, and notice to victims.

3. The parties agree that 806 Trading did not operate primarily for a criminal purpose or primarily by criminal means. See U.S.S.G. §§ 8A1.2(b)(1), 8C1.1.

4. The parties further agree that an abbreviated determination of the Guideline fine range is not warranted. See U.S.S.G. § 8A1.2(b)(2)(A).

### Calculation of the Offense Level - U.S.S.G. § 8C2.3

5. Pursuant to U.S.S.G. § 8A1.2, the applicable Guideline is U.S.S.G. § 2B1.1. This Guideline carries a Base Offense Level of 6.

6. Because the loss resulting from the criminal conduct of 806 Trading and its agents and employees was more than $400,000 but less than $1,000,000, Specific Offense Characteristic § 2B1.1(b)(1)(H) results in an increase of 14 levels.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to 806 Trading is 20.

Calculation of the Base Fine - U.S.S.G. § 8C2.4

8. Under U.S.S.G. § 8C2.4(d), the parties agree that the base fine is $650,000.

Calculation of the Culpability Score - U.S.S.G. § 8C2.5

9. Under U.S.S.G. § 8C2.5, the parties agree that 806 Trading's culpability score is determined as follows:

   a. 806 Trading's culpability score starts with 5 points. See U.S.S.G. § 8C2.5(a).

   b. Because 806 Trading clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct and the criminal conduct of its agents and employees, 1 point is subtracted from 806 Trading's culpability score. See U.S.S.G. § 8C2.5(g)(3).

   d. Therefore, the parties agree that 806 Trading's total culpability score is 4.

Minimum and Maximum Multipliers - U.S.S.G. § 8C2.6

10. Based on the agreed total culpability score of 4, the parties agree that the minimum multiplier is 0.80 and the maximum multiplier is 1.40. See U.S.S.G. § 8C2.6.

Application of the Guideline Fine Range - U.S.S.G. § 8C2.7

11. Under U.S.S.G. § 8C2.7(a) & (b), the parties agree that the minimum Guideline fine range is $520,000, and the maximum Guideline fine range is $910,000 (the "agreed Guidelines fine range.")

Other Provisions

12. The parties agree that, pursuant to U.S.S.G. § 8C3.3(b), the Court is authorized to reduce the fine below the advisory fine range, which is set forth in paragraph 11 of this Schedule A, if the Court finds that 806 Trading is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay the minimum fine of $520,000.

13. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

14.  806 Trading knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the agreed Guidelines fine range.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the agreed Guidelines fine range.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.